# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

vs.                                            **CRIMINAL ACTION NO. 3:18-CR-160-CRS**

**QUENTEZ L. CARTER**                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on three motions of Defendant, Quentez L. Carter (hereinafter "Carter" or "Defendant"),[1] for (1) a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) and suppression of evidence seized from 1457 Beech Street, Louisville, Kentucky, (DN 30); (2) suppression of evidence seized from 5538 Bruce Avenue, Louisville, Kentucky, (DN 36); and (3) suppression of evidence seized from Defendant or, in the alternative, dismissal of the indictment of this criminal action, (DN 35). For the reasons that follow, the Court will deny the first and second motions. The Court will hold the third motion in abeyance in order to permit the filing of an omitted document.

### I. Motion for *Franks* Hearing and to suppress evidence
### seized from 1457 Beech Street (DN 30)

Carter's motion lacks the essential elements to entitle him to a *Franks* Hearing. To demonstrate entitlement to a *Franks* hearing a defendant must (1) "make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) establish that

---

[1] On July 25, 2019, the Court granted co-defendant Rickie A. Carter's motion to join Quantez Carter's motion for a *Franks* hearing and suppression of evidence seized from 1457 Beech Street. (DN 34, p. 1). To the extent applicable to him, the rulings herein also apply to Rickie Carter.

"the allegedly false statement is necessary to the finding of probable cause." *United States v. Green*, 572 F. App'x 438, 441 (6th Cir. 2014) (citing *United States v. Graham,* 275 F.3d 490, 505 (6th Cir. 2001)).  "A defendant who challenges the veracity of statements made in an affidavit that formed the basis for a warrant has a heavy burden." *United States v. Bennett,* 905 F.2d 931, 934 (6th Cir. 1990).

"The first prong of the *Franks* analysis (whether the defendant has made a substantial preliminary showing of intentional or reckless falsity) is a factual question." *Green*, 572 Fed. Appx. at 441 (citations omitted).  If a defendant makes this substantial preliminary showing, the court turns to the second prong of the *Franks* analysis by removing the allegedly false statement and asking whether the search warrant affidavit still supports a finding of probable cause. *Graham,* 275 F.3d at 505.  The second prong of the *Franks* analysis (whether an allegedly false statement is necessary to finding probable cause) is a legal question. *Id.*  Probable cause exists if the remaining portions of the affidavit provide the court "with a basis for finding that there was a fair probability that contraband or evidence of a crime would be found." *Id.* at 504.  In this case, Defendant's motion fails to meet either prong of the *Franks* analysis.

### A.  *Franks'* first prong

Defendant fails to meet *Franks'* first prong because he does not make (1) a substantial preliminary showing that a false statement was made in the affidavit or (2) demonstrate that the statement was made knowingly and intentionally, or with reckless disregard for the truth.  The Sixth Circuit's "well-settled framework for *Franks* hearings requires a defendant to point to *specific* false statements and then accompany his allegations with an offer of proof." *Green*, 572 Fed. Appx. at 442 (citation and quotation marks omitted) (emphasis in original).  Carter points to a specific, "patently false" statement within the affidavit ("Detective … determined that Quentez

Lamont Carter has resided at 1457 Beech Street"), (DN 30, p. 3), but fails to "accompany his allegations with an offer of proof." *Cummins,* 912 F.2d at 103. Because Carter does not make an offer of proof to support his claim that a statement was "patently false," he fails to make the "showing" of falsity that is prerequisite to qualifying for a *Franks* hearing.

Defendant's promise to make a future offer of proof as to the falsity of a statement within the affidavit is inadequate to receive a *Franks* hearing. Carter asserts that can make a future showing of the statement's falsity because he "has reliable witnesses, and other evidence, to show that he did not reside" at the Beech Street address. (DN 30, p. 1). However, even supposing Defendant could make a showing of the statement's falsity in the *future*, his motion still fails because *Franks* requires a defendant to make such a showing *preliminary* to the receipt of a hearing. Simply claiming that he can produce witnesses and evidence at a hearing, should the court grant one, is, by definition, not "preliminary." Finally, even if *arguendo* the Court accepts that a statement within the affidavit was "patently false," Defendant's motion still lacks merit because he provides no evidence that the false statement was made "knowingly and intentionally, or with reckless disregard for its truth." *Green*, 572 F. App'x at 441.

### B. *Franks'* second prong

Additionally, Carter's motion fails to meet *Franks'* second prong because Defendant does not argue that, on its face, the affidavit lacks probable cause absent the alleged false statement. An affidavit, with the false statement removed, will still establish probable cause if it "provide[s] the magistrate judge with a basis for finding there was a fair probability that contraband or evidence of a crime would be found at' the stated location." *Graham,* 275 F.3d at 504. Here, Defendant fails to address the probable cause of the affidavit at all. Instead, Carter asserts that at an evidentiary hearing, he "*will* demonstrate … the lack of probable cause." (DN 30, p. 1–2)

3

(emphasis added).  Because Defendant has failed to meet the probable cause element of *Franks*' second prong, he is not entitled to *Franks* hearing.

### C. Motion to suppress because of "other errors"

Defendant also moves the Court to suppress evidence seized from 1457 Beech Street "since the affidavit contains other errors."  (DN 30, p. 1).  A bald allegation that a search warrant affidavit contains "other errors," without more, does not entitle a defendant to suppression of evidence.  For the same reasons outlined above, such allegations also do not satisfy the preliminary showing required to obtain a *Franks* hearing.  Accordingly, Defendant's motion to suppress evidence seized from 1457 Beech Street will be denied.

### II. Motion to suppress evidence seized from 5538 Bruce Avenue (DN 36)

Defendant contends that evidence seized from 5538 Bruce Avenue[2] should be suppressed because the search warrant lacked probable cause.  (DN 36).  This argument is without merit.  The Fourth Amendment states that "no warrants shall issue but upon probable cause supported by oath or affirmation...." U.S. Const. amend. IV.  To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (quoting *United States v. Bowling*, 900 F.2d 926, 930

---

[2] In a footnote, Defendant states that search warrants for 1457 Beech Street and 1758 West Gaulbert Avenue were issued "based on an identical affidavit for the 5538 Bruce Avenue address" and "to the extent the government attempts to connect these premises to Carter, such evidence should likewise be suppressed based on the unlawful warrant and affidavit."  (DN 36, p. 1).  Defendant has not provided the allegedly "identical" affidavits to the court, nor does he make any argument regarding why evidence seized from those addresses should be suppressed.  Therefore, the Court will not rule on suppression of evidence from those addresses based on this motion.  *See Leary v. Livingston Cty.*, 528 F.3d 438, 449 (6th Cir. 2008) (citations and internal quotation marks omitted) ("It is a settled appellate rule that issues averred to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

(6th Cir. 1990)). "Probable cause is based on the totality of the circumstances; it is a practical, non-technical conception that deals with the factual and practical considerations of everyday life." *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006) (quoting *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) (internal quotations and citation omitted)). In reviewing a search warrant and affidavit for probable cause, the district court may not look beyond "the four corners of the affidavit." *Id.* (citation omitted).

Both the issuing judge and the reviewing court should take a totality of the circumstances approach in their review of the affidavit, rather than scrutinize the affidavit line-by-line. *United States v. Greene,* 250 F.3d 471, 479 (6th Cir.2001 (citations omitted). "[C]ourts may afford 'considerable weight to the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found and [the courts are] entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the crime and the type of offense." *United States v. Allen,* 211 F.3d 970, 973 (6th Cir.2000) (quoting *United States v. Caicedo,* 85 F.3d 1184, 1192 (6th Cir.1996) (citations and internal quotation marks omitted)). "The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000). "In reviewing a state magistrate's determination of probable cause, this court pays 'great deference' to a magistrate's findings, which 'should not be set aside unless arbitrarily exercised.'" *United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir. 1993) (citation omitted).

Based on these principles, the search warrant affidavit in this case is supported by probable cause. First, the affidavit provides a statement from a confidential informant that "Quintez Lamont Carter is selling large quantities of methamphetamine." (DN 29-4, p. 18). In the context of affidavits that rely heavily on information from informants, courts consider three

5

factors in determining whether probable cause existed: (1) the basis of the informant's knowledge, (2) the reliability of the informant, and (3) corroborative evidence possessed by the government. *Leake,* 998 F.2d at 1163. Not every requirement must be satisfied, and the strength of one or more of the factors may fairly compensate for a deficiency in another. *United States v. Favors*, 75 F. App'x 377, 380 (6th Cir. 2003).

Here, the confidential informant's statement that "Quintez Lamont Carter is selling large quantities of methamphetamine," (DN 29-4, p. 18), is sufficient to support probable cause because the affidavit (1) supports the reliability of the informant and (2) provides corroborative evidence to support the informant's testimony. First, the affidavit supports the reliability of the informant by explaining that "[t]he CI has supplied information in the past that has led to the arrest of several people for selling narcotic related offences and this CI's information has always been truthful and reliable." (DN 29-4, p. 4). Second, the affidavit further bolsters the informant's credibility by supporting his or her claims with an independent investigation. *Id*. In his brief, Defendant correctly points out that the confidential informant provided his or her tip to officers on December 13, 2016—approximately 15 months before arresting Defendant. (DN 36, p. 4). However, the gap in time between the receipt of the informant's tip and the arrest of Defendant is no bar to finding probable cause. Even if the statement from the confidential informant in the affidavit was in some respects "stale," the more recent investigation, which culminated in Defendant's arrest, refreshed this otherwise stale information. *See United States v. Spikes*, 158 F.3d 913, 924 (6th Cir. 1998) ("This court has observed that where recent information corroborates otherwise stale information, probable cause may be found.") (internal quotations and citation omitted). Investigators corroborated the informant's testimony by

surveilling Defendant during April and May 2018, and observing his execution of suspected drug transactions. (DN 29-4, p. 5).

In addition to the suspected drug transactions, the affidavit also states investigators observed Defendant over a period of "several weeks" as he engaged in a pattern of travel among several different houses, including 5538 Bruce Avenue. (DN 29-4, p. 18). The affidavit states that on May 9, 2018, detectives stopped a vehicle shortly after it left 5538 Bruce Avenue. *Id*. After pulling the vehicle over, the driver informed officers that there was one pound of methamphetamine in the back seat. *Id*. Armed with these facts, the investigating officers possessed probable cause to believe the crime of trafficking in methamphetamine was occurring at 5538 Bruce Avenue, that Defendant was involved in that crime, and there was a fair probability that evidence of that crime was located at that address. In sum, law enforcement conducted a thorough investigation, which corroborated the confidential informant's tip, and the totality of the circumstances support the magistrate's finding of probable cause to justify a search of 5538 Bruce Ave.

**III. Motion to suppress evidence seized from Carter or dismiss the indictment (DN 35)**

Defendant moves the Court to suppress evidence seized "directly or indirectly, from an unlawful search, seizure and arrest of Carter; or in the alternative, dismiss the indictment against Carter based on egregious conduct by government agents." (DN 35). Defendant has not provided this Court with sufficient information to rule on this motion. As grounds for his motion, Defendant alleges "the only probable cause for Carter's arrest, according to the uniform citation, was the alleged 'approximately five pounds of methamphetamine' seized pursuant to the search warrant that was obtained **after** Carter's arrest." (DN 35, p. 2) (emphasis in original). In short, Carter alleges the officers who arrested him engaged in unconstitutional and egregious

7

conduct because they had no grounds to arrest him at the time of his arrest, but instead later justified the arrest with evidence seized after the fact. The United States responds that "[a]ctually, the citation states in pertinent part that: 'Detectives executed a narcotics search warrant at subject's residence **once subject was in custody**.'" (DN 41, p. 1) (emphasis added by the United States). Both parties base their arguments on language allegedly contained in the uniform citation, but neither party has provided a copy of the citation to the Court. The Court will hold this motion in abeyance for seven days following the issuance of this order to allow Defendant the opportunity to provide a copy of the referenced uniform citation.

## IV. CONCLUSION

Motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motions of the defendant, Quentez L. Carter, for (1) a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) and suppression of evidence seized from 1457 Beech Street, Louisville, Kentucky, (DN 30), and (2) suppression of evidence seized from 5538 Bruce Avenue, Louisville, Kentucky, (DN 36) are **DENIED**. The motion of the defendant, Quentez L. Carter, for suppression of evidence seized from Carter or, in the alternative, dismissal of the indictment of this criminal action, (DN 35), is **HELD IN ABEYANCE** for seven days from the date of entry of this order to allow Defendant the opportunity to provide a copy of the referenced uniform citation to the Court**.** Upon the filing of the uniform citation, the motion will stand resubmitted to the Court for disposition.

**IT IS SO ORDERED.**

September 19, 2019

Charles R. Simpson III, Senior Judge
United States District Court